## GRIMSLEY v. BROWN.
### No. 1039.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1932.

Benj. W. Miller, of Bogalusa, for appellant.

H. H. Richardson, of Bogalusa, for appellee.

LE BLANC, J.

Plaintiff seeks to recover the sum of $126 for damage caused to his automobile when, on October 30, 1930, he alleges he was run into by William V. Brown as the latter started to turn around in Columbia street in the city of Bogalusa, and, with a sudden dash, "crashed head-long into the right rear portion" of his car. He avers that the actions and conduct of Brown constituted gross negligence and were the proximate cause of the damage he has sustained and for the amount of which he is entitled to judgment.

For answer, the defendant avers that he did start to turn into the street, but, after doing so, he observed a car proceeding north on Columbia street, which was the direction he intended to go, and that, as he stopped to let that car pass, his motor went dead, and, while he was trying to start it again, plaintiff, who was approaching northward, driving at a rate of speed in excess of the city ordinance, without proper lookout or warning, drove into his car, and damaged it. In a reconventional demand, he seeks to recover the sum of $41.50, the alleged amount of the damage to his car.

Before the case was disposed of in the lower court, the defendant, William V. Brown, died, and his minor child, William V. Brown, Jr., through his natural tutrix, Mrs. Maude Ard Brown, was made party defendant.

The judgment of the lower court went in favor of the plaintiff, who was awarded damages in the sum of $104, and the defendant has appealed.

The testimony reveals that William V. Brown, the deceased, owned and operated an automobile business of some kind in a building situated on the west side of Columbia street in the city of Bogalusa, some 40 feet south of the intersection of the street with sixth street. On the day of the accident, his automobile, a Chevrolet sedan, was parked about 30 feet from the intersection, facing south. Around the noon hour, the exact time being immaterial, he left his place of business to go for his lunch. While he was entering his car, plaintiff was driving south on Columbia street, in his Buick roadster. It is not disputed that Brown, after starting his motor, which he seemed to have a little difficulty in doing, began to make a left turn in the street so as to place his car completely around as he intended to go north. It was just a moment after this that the collision took place.

Brown, who was yet living when the case was tried, testifies that, after he had succeeded in starting his motor, and had "nosed out a little bit," his engine stopped again. At that moment he saw a Ford car being driven by a man named McClendon, going north, and, as it passed him, plaintiff, who was driving south was rapidly approaching him. The McClendon car had only gone a distance of 30 or 40 feet from him when plaintiff, who was then on him, swerved over to the left, but not enough to miss him. He says that plaintiff's

car side-swiped his, tearing the bumper off. He contends that, at the moment his car was hit, it was standing still, and that plaintiff had something like 30 feet left on the east side of the street in which to pass. As Columbia street is shown to be 60 feet wide, by Brown's own admission, therefore, he was occupying about the center in attempting to make his turn. He says that plaintiff was going about 50 miles per hour, and attributes the accident to the speed of his car.

Plaintiff's account of the accident is very simple. He says that he was "driving along south and saw this car (referring to Brown's car) sitting there to the right." He did not know if any one was in the car or not, and, when he reached the point about opposite to where it was, it started and turned out into the street, hitting his car broadside and knocking it almost across the street. He swears positively that he was not going faster than 25 miles an hour, and that the Brown car never did stop. Plaintiff's version of the accident is strongly corroborated by two witnesses, one named Lee and the other Flinn. These men were seated on a bench in front of Brown's place of business, and had a favorable view of the whole situation and as to how the accident happened. They both appear to be disinterested witnesses, and the trial court must have relied on their testimony, which leaves but little doubt but that it was the defendant car which ran into plaintiff's.

A witness named Boone testified by deposition in behalf of the defendant, and says that he saw the collision, and that it was plaintiff who ran into the Brown car. The lower court makes a very unfavorable comment on this witness' testimony which seems justified in view of the fact that there is positive evidence to the effect that, at the time of the accident, this man Boone was at Warner's drug store, which is shown to be 1,700 feet from the point where the collision took place. He was talking to other men there when they were told of the accident.

We are inclined to believe that Brown exaggerated in his estimate of the rate of speed at which he says plaintiff's car was going. The preponderance of the testimony shows that he was not going more than from 25 to 35 miles, and even though it be considered fast under the circumstances, we agree with the trial judge that that was not the proximate cause of the accident, which has to be attributed to the action of Brown in attempting to make a complete turn in the center of a much-used street without taking the proper precaution of looking to see if the street was clear before doing so.

The lower court correctly assessed the amount of the damage plaintiff is entitled to recover, and the judgment is affirmed.